**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4893**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILIP MURPH, a/k/a Phil, a/k/a Phillip Murph, a/k/a Philip Murphy,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (7:94-cr-00036-BR-2)

_____

Submitted:  March 31, 2011              Decided:  April 5, 2011

_____

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George  E.  B.  Holding,  United  States  Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Murph was placed on supervised release following his release from imprisonment for federal drug distribution crimes. Murph's supervised release was revoked after he was again convicted for federal drug distribution violations; he was sentenced to thirty months of imprisonment for violating his supervised release. On appeal, Murph argues that his sentence is unreasonable because the court failed to explain why it denied his request to have the sentence imposed run concurrently with the federal sentence he was then serving. For the reasons that follow, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we first consider whether the sentence imposed is unreasonable. Id. at 438. In making this determination, we follow "the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. In this inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review of Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or

2

substantively unreasonable, must we decide whether it is "plainly" so.  Id. at 657.

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583(e) (West 2000 & Supp. 2010), the district court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum provided by § 3583(e)(3).  Moulden, 478 F.3d at 656-57 (4th Cir. 2007); Crudup, 461 F.3d at 439. Moreover, while a district court must provide a statement of the reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence."  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010); see United States v. Boulware, 604 F.3d 832, 938 (4th Cir. 2010) (a properly preserved objection to an inadequate explanation is reviewed for harmless error).

Here, prior to imposing sentence, the district court listened to arguments from both parties, heard from Murph himself, and stated that it had considered the relevant Chapter Seven policy statements in the Sentencing Guidelines, and the § 3553(a) factors applicable to revocation sentences.  Moreover, although Murph sought a concurrent sentence, the Government

3

informed the court that any term of imprisonment for a violation of supervised release must be imposed to run consecutively to any term of imprisonment then being served by a defendant under U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2009).  See id. (stating "[a]ny term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving").  Under these circumstances, we do not find that the district court's failure to grant Murph's request for a concurrent sentence was plainly unreasonable.  Moulden, 478 F.3d at 656; Crudup, 461 F.3d at 439-40.

        Accordingly, we affirm Murph's thirty-month sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                        AFFIRMED